# UNITED STATES DISTRICT COURT
## FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

PARIS L. JAMES,                    :
                                   :
      Plaintiff          :       No. 1:14-CV-01951
                                   :
   vs.                          :       (Judge Kane)
                                   :
DAVID VARANO, et al.,              :
                                   :
      Defendants          :

## MEMORANDUM AND ORDER

## Background

On October 8, 2014, Paris L. James, an inmate at the
State Correctional Institution at Coal Township, Pennsylvania
("SCI-Coal Township") filed a 51-page complaint consisting of 260
paragraphs against 16 named individual defendants and a total of
14 "John and Jane Doe" defendants, employed by the Pennsylvania
Department of Corrections.  The complaint is brought pursuant to
42 U.S.C. § 1983. The named individual defendants waived service
of the complaint.  Excluding the "John and Jane Doe" Defendants,
there are two groups of defendants each represented by counsel.
The first group consists of 14 defendants (David Varano, Kathryn
McCarthy, Lori Alleman, Thomas Mosier, Keith Tripp, Lieutenant
Masser, Sgt. Krzykowski, Sgt. Else, and Corrections Officers
Baker, Schoch, Rodriguez, Burrows, Novalis, and Kratz), which the
court will refer to as the "Corrections Defendants."  The second
group consists of two defendants, physician assistants Brian Davis

and Jennifer Daya, who the court will refer to as the "Medical Defendants."

James claims that the Corrections Defendants on or about October 12, 2012, and thereafter denied him adequate medical care and subjected him to excessive force and retaliation because he complained about the quality of the medical treatment he received and the excessive force inflicted. The Medical Defendants are alleged to have failed to provide James with adequate medical care and treatment for breathing difficulties and also it is alleged they conspired with the Corrections Defendants in depriving Restricted Housing Unit ("RHU") inmates proper intake examinations or access to health care and intentionally refused medical care to reduce transportation costs from the RHU.

On December 12, 2014, a "Praecipe for Entry of Appearance" was filed by the attorney representing the Corrections Defendants attached to which was a proposed order referring to a Corrections Defendants' motion to dismiss and granting the motion. (Doc. 18) That document which appears on the docket as a motion to dismiss by the Corrections Defendants was filed by the attorney utilizing the court's electronic case filing (ECF) system. On the same day the Clerk's Office entered a docket annotation advising counsel to refile Document 18 using the ECF event "Attorney Appearance-Entry of Appearance." No action was taken by counsel in response to that docket annotation and to this date no actual motion appears on the docket from the Corrections Defendants. In

light of the proposed order attached to the praecipe for entry of appearance, the court will hereinafter refer to Document 18 as the Corrections Defendants' motion to dismiss.

On January 5, 2015, the Corrections Defendants filed a motion for extension of time (Doc. 21) to file a brief in support of the motion to dismiss. The court on January 8, 2015, issued an order (Doc. 22) granting that motion and extending the time until February 4, 2015, for the filing of the Corrections Defendants' brief in support. On February 3, 2015, the Corrections Defendants filed a supporting brief. (Doc. 26) On March 2, 2015, James filed a motion for extension of time until March 23, 2015, to file an amended or supplemental response to the Corrections Defendants' motion and specifically referenced Rule 15(a) of the Federal Rules of Civil Procedure relating to the filing of amended or supplemental pleadings.[1] (Doc. 27)

As for the Medical Defendants, on December 30, 2012, they filed a motion to dismiss for failure to state a claim upon which relief can be granted (Doc. 20) and on January 12, 2015, a supporting brief. (Doc. 23) On January 27, 2015, James filed a motion for extension of time to respond to the Medical Defendants' supporting brief. (Doc. 24) James also in that motion mentions both the Medical Defendants and the Corrections Defendants and

---

1. The reasons for the requested extension of time were fully stated in the motion obviating the need for James to file a supporting brief. M.D.Pa. LR 7.5. The Corrections Defendants did not file a brief in opposition. M.D.Pa. LR 7.6. Consequently, the motion is deemed unopposed. Id.

requests an enlargement of time to consider whether to file an amended or supplemental complaint. Id. James specifically refers to the 21-day period under Federal Rule of Civil Procedure 15(a)(1) to file an amended complaint. Id. The court issued an order (Doc. 25) granting that motion on January 30, 2015 (docketed February 2nd), and gave James an extension of time until March 23, 2015, to file a brief in opposition to the Medical Defendants' supporting brief.[2]

On March 23, 2015, James filed a document entitled "Amended Civil Rights Complaint Pursuant to 42 U.S.C. Section §1983" (Doc. 28) which was docketed by the Clerk of Court as a "Proposed Document."[3] James has not filed briefs in opposition to the pending motions to dismiss but in a letter which accompanied the purported amended complaint stated in pertinent part as follows: "[I]f there are any problems please contact Plaintiff . . . Plaintiffs Amended Complaint is timely filed pursuant to this Honorable Courts deadline of March 23, 2015, for plaintiff to timely file response to Defendants (sic) Motion to

---

2. The order, however, references Document No. 18.

3. The amended complaint which consists of 356 paragraphs (1) eliminates the official capacity claims against the defendants; (2) divides some of the 260 paragraphs of the original complaint and renumbers them and adds additional paragraphs relating, inter alia, to a conspiracy to violate James' rights under the 8th Amendment and the involvement of Defendant Verano; (3) corrects the spelling of the names of several of the defendants; and (4) sets forth the possible names of two of the "John and Jane Doe" defendants but continues to refer to them as "John and Jane Doe" defendants throughout the amended complaint.

Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)."[4]

(Doc. 28, at 69).  He further indicates he served a copy of the

amended complaint on counsel for both the Corrections Defendants

and the Medical Defendants.  (Id. at 68.)

Federal Rule of Civil Procedure 15(a) states in

pertinent part as follows:

> **(a) Amendments Before Trial.**
>
> > **(1) Amending as a Matter of Course.**  A party may
> > amend its pleading once as a matter of course
> > within:
> >
> > > **(A)**   21 days after serving it, or
> > >
> > > **(B)**   if the pleading is one to which a
> > > responsive pleading is required, 21 days
> > > after service of a responsive pleading or
> > > 21 days after the service of a motion under
> > > Rule 12(b) . . . , whichever is earlier.
> >
> > **(2) Other Amendments.**  In all other cases, a party
> > may amend its pleading only with the opposing
> > party's written consent or the court's leave.
> > The court should freely give leave when justice
> > so requires.

Although the 21-days had elapsed when James filed his motion for

extension of time on March 2, 2015, in light of the procedural

history of this case and no action by either the Corrections

Defendants nor the Medical Defendants to strike the proposed

amended complaint or oppose his March 2nd motion for extension of

time (Doc. 27), the court concludes that justice requires that the

---

4.  It appears that James was of the impression that based on the
court granting him an extension of time until March 23, 2015, he
also could file an amended complaint by that date

motion be granted and the proposed amended complaint be accepted as appropriately filed. Furthermore, it is generally recognized that when an amended complaint is filed, it supersedes the original complaint. Consequently, the pending motions to dismiss filed by the Corrections Defendants and Medical Defendants will be denied as moot and the original complaint stricken from the record.

**AND, NOW, THEREFORE**, this 25th day of September, 2015, **IT IS HEREBY ORDERED THAT:**

1.  James's motion for extension of time (Doc. 27) is **GRANTED**.

2. The Corrections Defendants' motion to dismiss (Doc. 18) is **DENIED AS MOOT**.

3. The Medical Defendants' motion to dismiss (Doc. 20) is **DENIED AS MOOT**.

4.  The original complaint is **STRICKEN** from the record.

5.  The Corrections Defendants and Medical Defendants may file with respect to the amended complaint (Doc. 28) a responsive pleading or dispositive motion within twenty (20) days of the date hereof.

 S/ Yvette Kane
Yvette Kane
United States District Judge